# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Earl Lionell Ward, | Case No. 21-cv-1232 (PAM/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Tracy S. Beltz, | |
| Respondent. | |

This action comes before the Court on Petitioner Earl Lionell Ward's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Docket No. 1 (Petition); and (2) Motion to Appoint Counsel, Docket No. 2 (Counsel Motion). For the following reasons, the Court recommends dismissing the Petition, denying the Counsel Motion as moot, and declining to grant Ward a certificate of appealability (COA).

## FINDINGS OF FACT

In July 2014, authorities charged Ward with ten felonies after a car crash that seriously injured his son and daughter. *See State v. Ward*, No. A15-0684, 2016 WL 7439082, at *1 (Minn. Ct. App. Dec. 27, 2016) (describing accident); Register of Actions, *State v. Ward*, No. 62-CR-14-4920 (Minn. Dist. Ct.) (showing charges) (State-Court Dkt.).[1] Ward pleaded guilty to two counts of criminal vehicular operation in violation

---

[1] The State-Court Docket is not attached to any filings in this action. It is a publicly accessible judicial record, however, and as such the Court may take judicial notice of it. *See, e.g., Amen El v. Schnell*, No. 20-CV-1327, 2021 WL 509280, at *4 n.6 (D. Minn. Feb. 11, 2021) (citing *Graham v. U.S. Marshal*, No. 20-CV-1204, 2020 WL 4060731, at *1 n.1 (D. Minn. June 29, 2020)), *report and recommendation adopted*, 2021 WL 880679 (D. Minn. Mar. 9, 2021).

of Minnesota law.  *See Ward*, 2016 WL 7439082, at *1; *cf.* Minn. Stat. § 609.21, subd. 1 (2012).  In January 2015, a Minnesota district court sentenced Ward to two 60-month sentences, to be applied consecutively.  Ward filed a direct appeal of his conviction and sentence, but the Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied a petition for further review.  *See Ward*, 2016 WL 7439082, at *1.

Following his unsuccessful direct appeal, Ward has challenged his conviction and sentence several times, including through at least two state-court petitions for postconviction relief.  See State-Court Dkt.; Pet. 2–4.  He also filed a § 2254 petition in this District in October 2017.  *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Custody by a Person in State Custody, *Ward v. Roy*, No. 17-CV-4542 (D. Minn. Oct. 6, 2017).  That petition was denied in August 2018.  *See Ward v. Roy*, No. 17-CV-4542, 2018 WL 3848438, at *1 (D. Minn. Aug. 13, 2018).

Most importantly for present purposes, in April 2021, Ward filed a second § 2254 petition in this District.  *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Custody by a Person in State Custody, *Ward v. Beltz*, No. 21-CV-0930 (D. Minn. Apr. 5, 2021) (April 2021 Petition).  After reviewing that petition, this Court entered a Report and Recommendation recommending that the April 2021 Petition be dismissed without prejudice for lack of jurisdiction because it was a "second or successive application" under 28 U.S.C. § 2244(b)(3)(A).  *See* R. & R. 2–3, *Ward v. Beltz*, No. 21-CV-0930 (D. Minn. May 3, 2021) (May 2021 R&R).  The May 2021 R&R is presently before U.S. District Judge Wilhelmina M. Wright for consideration; Ward filed no objections to the May 2021 R&R.

As best as the Court can tell, the present Petition is simply a copy of the April 2021 Petition—right down to the documents' execution dates.  *Compare* Pet. 1–15 with Apr. 2021 Pet. 1–15.[2]  In other words, rather than object to the May 2021 R&R, Ward chose instead to simply refile a copy the April 2021 Petition to start a new, different action.

## CONCLUSIONS OF LAW

The Court concludes that the Petition here should be dismissed without prejudice as duplicative.  As noted above, the Petition is simply a copy of the April 2021 Petition, which is still before the Court in Ward's April action.  As a preliminary point, the Court acknowledges that the U.S. Supreme Court "has consistently relied on the equitable nature of habeas corpus to preclude application of strict rules of res judicata."  *Schlup v. Delo*, 513 U.S. 298, 319 (1995); *cf. Rehbein v. Clarke*, 94 F.3d 478, 481 (8th Cir. 1996) (making similar point (citing *Sanders v. United States*, 373 U.S. 1, 7–8 (1963)).  But the Court has identified a general policy that the federal courts should act so as to avoid duplicative litigation.  *See Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976) ("As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citing cases)); *see also Ritchie Cap. Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 n.3 (8th Cir. 2011) (citing cases).

Here, there is no question that the present Petition duplicates the April 2021 Petition—they are simply the same document.  The U.S. Court of Appeals for the Eighth Circuit has held that dismissing duplicative litigation is appropriate to avoid the "unnecessary expenditure of scarce federal judicial resources" and "jurisprudential

---

[2] The two Petitions do appear to have different attachments.  These attachments, however, do not appear to affect the Petitions' arguments.

3

concerns." *Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 954 (8th Cir. 2001); *see also, e.g.*, *Washington Cattlemen's Ass'n v. United States Env't Prot. Agency*, No. 15-CV-3058, 2016 WL 6645765, at *3 (D. Minn. Nov. 8, 2016) (quoting and applying *Nixon* in dismissing duplicative action). The Court thus concludes that the Petition should be dismissed. Given this recommendation, the Court further recommends denying the Counsel Motion as moot.

A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may not grant a COA unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim"—as here—"a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit, would treat the Petition differently than this Court is treating it here. The Court therefore recommends not granting a COA in this matter.

4

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, it is hereby recommended that:

1. Petitioner Earl Lionell Ward's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Docket No. 1, be DISMISSED without prejudice.

2. Ward's Motion to Appoint Counsel, Docket No. 2, be DENIED as moot.

3. No certificate of appealability be granted.

Dated: May 28, 2021                                 s/David T. Schultz  
                                                            DAVID T. SCHULTZ
                                                            U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).